**BEN TRAVIS LAW, APC**
Ben Travis (SBN 305641)
*ben@bentravislaw.com*
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
Phone: (619) 353-7966

**REESE LLP**
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

Charles Moore (*pro hac vice forthcoming*)
*cmoore@reesellp.com*
121 N. Washington Ave., 2nd Floor
Minneapolis, MN 55401

**Attorneys for Plaintiff Margaret Franklin-Chomas
and the Proposed Class**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET FRANKLIN-CHOMAS, an individual, on behalf of herself and all other individuals,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNET REFERRAL SERVICES, LLC; RED DOG MEDIA, INC.; TICKET FULFILLMENT SERVICES, L.P.; and VIVID SEATS INC.;<br><br>Defendants. | Case No: **'24 CV 2320 L    DDL**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br>1. Violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*)<br>2. Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)<br>3. Violation of the False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)<br>4. Violation of the Ticket Resale Law (Cal. Bus. & Prof. Code §§ 22500 *et seq.*<br>5. Common Law Fraud<br>6. Unjust Enrichment<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MARGARET FRANKLIN-CHOMAS ("Plaintiff") brings this class action, on behalf of herself and all other individuals against INTERNET REFERRAL SERVICES, LLC ("IRS"); RED DOG MEDIA, INC. ("Red Dog"); TICKET FULFILLMENT SERVICES, L.P. ("TFS"); and VIVID SEATS INC. ("Vivid") (collectively "Defendants"). Plaintiff alleges the following based upon information and belief, the investigation of counsel, and personal knowledge as to the allegations pertaining to herself.

## I.    NATURE OF THE CASE

1.    Defendants operate the website Tickets-Center.com (the "Website"), which purports to be a ticket resale website where consumers can buy tickets to events but in actuality is a scam that deceives consumers.

2.    Defendants lead consumers into their trap through their advertising online via Google and other methods by using misrepresentations that lead consumers to believe that they are visiting the actual ticket site for the venue where the event is taking place.

3.    Once the consumer is lured into the trap, Defendants further entice them to purchase tickets by misrepresenting that the tickets are limited or almost sold out when such statements are false or misleading.

4.    These misrepresentations enable Defendants to charge consumers hefty premium prices for the tickets, far more than the consumer would pay if they were purchasing from the actual site for the venue.

5.    The scam does not end there. In many instances, the tickets that Defendants "sell" are counterfeit or are never actually provided.

6.    The misrepresentations are uniform and were communicated to Plaintiff, every Class member and the public through their advertising and at the point of purchase of the tickets.

CLASS ACTION COMPLAINT

7.    Plaintiff was misled by Defendants' misrepresentations. Had she been aware of the misrepresentations described herein, she would not have purchased tickets from Defendants nor paid the premium prices and fees Defendants charged.

8.    Plaintiff thus brings this action pursuant to: (i) California Civil Code §§ 1750, et seq. (the Consumers Legal Remedies Act or "CLRA"); (ii) California's Business & Professions Code §§ 17200, et seq. (the Unfair Competition Law or "UCL"); (iii) Cal. Bus. & Prof. Code §§ 17500, *et seq.* (the False Advertising Law), and (iv) Cal. Bus. & Prof. Code §§ 22500 *et seq.* (the Ticket Resale Law). Plaintiff also brings claims for common law fraud and unjust enrichment. Plaintiff seeks damages, restitution, public injunctive relief to protect the general public, and any other relief deemed appropriate by the court to which this case is assigned.

## II.    JURISDICTION AND VENUE

9.    This Court has personal jurisdiction over Defendants because Defendants have conducted and continue to conduct business in the State of California, and because Defendants have committed the acts and omissions complained of herein in the State of California.

10.    This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiff (California) and IRS (Delaware), Red Dog (Nevada), TFS (Illinois, Delaware) and Vivid (Illinois, Delaware) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

11.    Venue is proper in this District, because a substantial portion of the acts giving rise to this action occurred in this District. Specifically, Plaintiff resides in and purchased tickets from Defendants within this District.

## III.    PARTIES

12.    **Plaintiff Margaret Franklin-Chomas** is, and at all times mentioned herein was, an individual citizen of the State of California and resident of San Diego County.

13.    Plaintiff was deceived by Defendants' misrepresentations and purchased a ticket from the Website during the statute of limitations period.

14.    Plaintiff paid a premium price for the ticket, far above the actual price of the ticket sold by the venue.

15.    Plaintiff was provided with a counterfeit ticket.

16.    Plaintiff relied upon Defendants' misrepresentations in making her decision to purchase the ticket. Plaintiff suffered injury in that she would not have bought from Defendants if she had known the truth. Plaintiff remains in the market for tickets to events, and purchases tickets to events. Plaintiff would like to buy from the Website in the future if the misrepresentations are corrected. Plaintiff cannot currently rely on the accuracy of the representations in deciding whether or not she should purchase from the Website but would be able to do so once the Court issues an injunction. Specifically, Plaintiff does not know whether the tickets are limited as represented on the Website or whether any tickets she purchases would be counterfeit.

17.    **Defendant Internet Referral Services, LLC** is a foreign limited liability company organized under the laws of the state of Delaware. IRS can be served with process by serving its registered agent Harvard Business Services, Inc. at 16192 Coastal Hwy, Lewes, DE 19958.

18.    The registered address for IRS is its corporate agent for service. When Plaintiff attempted to mail documents to IRS at that address, the documents were rejected because IRS no longer paid for mail forwarding services. There does not appear to be any other formal corporate address for IRS.

19.    IRS owns and operates, in conjunction with Red Dog, the Website.

20.    On information and belief, IRS owns and operates additional ticket retail platforms, the identities of which are unknown to Plaintiff.

CLASS ACTION COMPLAINT

21.    On information and belief, IRS receives a contractual commission for all sales through the Website, and IRS has the ability to adjust the prices of or add service fees to tickets which in turn affects the amount of its commission.

22.    On information and belief, IRS does not have any employees, and all matters related to IRS are handled by Red Dog.

23.    **Defendant Red Dog Media, Inc.** is a foreign corporation organized under the laws of the state of Nevada. Red Dog is headquartered in Henderson, Nevada.

24.    Red Dog is the "manager" of IRS.

25.    On information and belief, all IRS business is handled by Red Dog, including the creation, maintenance, and operation of the Website.

26.    On information and belief, Red Dog accepts all or a portion of the commissions IRS receives for ticket sales through the Website.

27.    On information and belief, the misleading representations were created, in part, by Red Dog.

28.    **Defendant Ticket Fulfillment Services LP** is a foreign limited partnership organized under the laws of the state of Delaware. TFS is headquartered at 24 E. Washington Street, Chicago, Illinois.

29.    TFS is a wholly-owned subsidiary of Vivid.

30.    On information and belief, the Website operates through a Vivid platform by and through TFS.

31.    On information and belief, Vivid, by and through TFS, manages, verifies, and processes, all ticket orders.

32.    On information and belief, Vivid, by and through TFS, ensures fulfillment of all ticket orders, including delivery of tickets.

33.    On information and belief, Vivid, by and through TFS, handles all customer service for tickets sold through the Website. If a customer calls the

customer service telephone number displayed on the Website, opens up a live chat through a chat window on the Website, or sent an email through the site or to any customer service email address displayed on the Website, that communication is ultimately received and responded to by Vivid, by and through TFS. At times, Vivid, by and through TFS, will consult with IRS and Red Dog about how to respond to customer inquiries.

34.     On information and belief, information on the Website is supplied by Vivid, by and through TFS, and Vivid, by and through TFS, hosts and operates the webpage that provides checkout services for the Website.

35.     On information and belief, the misleading representations were created, in part, by Vivid, by and through TFS.

36.     **Defendant Vivid Seats Inc.** is a foreign corporation organized under the laws of the state of Delaware. Vivid is headquartered at 24 E. Washington Street, Suite 900, Chicago, Illinois.

37.     TFS is a wholly-owned subsidiary of Vivid.

38.     On information and belief, the Website operates through a Vivid platform by and through TFS.

39.     On information and belief, Vivid, by and through TFS, manages, verifies, and processes, all ticket orders.

40.     On information and belief, Vivid, by and through TFS, ensures fulfillment of all ticket orders, including delivery of tickets.

41.     On information and belief, Vivid, by and through TFS, handles all customer service for tickets sold through the Website. If a customer calls the customer service telephone number displayed on the Website, opens up a live chat through a chat window on the Website, or sent an email through the site or to any customer service email address displayed on the Website, that communication is ultimately received and responded to by Vivid, by and through TFS. At times, Vivid,

by and through TFS, will consult with IRS and Red Dog about how to respond to customer inquiries.

42.     On information and belief, information on the Website is supplied by Vivid, by and through TFS, and Vivid, by and through TFS, hosts and operates the webpage that provides checkout services for the Website.

43.     On information and belief, the misleading representations were created, in part, by Vivid, by and through TFS.

44.     On information and belief, in committing the wrongful acts alleged herein, Defendants in connection with their subsidiaries, affiliates and/or other related entities and their employees planned, participated in and furthered a common scheme to induce members of the public to purchase the tickets by means of false, misleading, deceptive and fraudulent representations, and Defendants participated in the making of such representations in that they disseminated misrepresentations or caused them to be disseminated.

## IV.    FACTUAL ALLEGATIONS

45.     Defendants operate the Website.

46.     Defendants utilize advertising to draw consumers to the Website.

47.     Defendants' advertising contains misrepresentations that lead consumers to believe that by clicking on the link, they will be visiting the actual site for the venue.

48.     Once Defendants lure consumers into visiting the Website, they continue their deception by leading consumers to believe that the tickets are limited or almost sold out, when in fact that is untrue. This enables Defendants to charge a hefty premium on the tickets.

49.     Even after manipulating the consumer into making a purchase at a grossly inflated price, Defendants continue to scam the consumer.

CLASS ACTION COMPLAINT

50.     Defendants provide counterfeit tickets or in some instances do not provide the tickets at all.

51.     Upon information and belief, Defendants run other similar websites which operate the same way.

**A. RELIANCE AND ECONOMIC INJURY**

52.     In 2022, Plaintiff sought to purchase a ticket to the Lakeside Rodeo taking place on April 22, 2022.

53.     Plaintiff was looking to purchase tickets from the venue and the Website popped up. Plaintiff believed that she was on the ticket site for the actual venue.

54.     The Website led her to believe that it was difficult to obtain tickets for the rodeo and therefore charged her $159 for one ticket to the Rodeo.

55.     After the purchase, Defendants provided her with a digital ticket to the rodeo via an email. However, when Plaintiff went to the rodeo, they refused to accept it and told her that the ticket was counterfeit and that tickets to the rodeo cost only $20.

56.     Plaintiff purchased from the Website because she believed she was purchasing from the actual venue and that the tickets were legitimate.

57.     Plaintiff relied on Defendants' misrepresentations in making her purchase, including their representation of the limited quantity of tickets.

58.     Plaintiff would not have purchased from Defendants if she knew the representations were false and misleading.

59.     Plaintiff paid more for the ticket than she otherwise would have, and would only have been willing to pay less, or unwilling to purchase it at all, absent the misleading representations.

60.     As a result of the false and misleading representations, the tickets are sold at a premium price compared to other similar tickets represented in a non-

misleading way and are sold at a price that is higher than the price of the tickets would have been if they were represented in a non-misleading way.

**B. CONSUMER COMPLAINTS**

61.    The internet is rife with complaints by others who have been scammed by Defendants.

62.    On the Better Business Bureau page for Tickets-Center[1], Tickets-Center has a rating of 2.87 out of 5.00 based on 10,099 reviews.

63.    One review posted on November 1, 2023 states: "I thought I was buying tickets through a legitimate company. Boy was I wrong. They are nothing but a scam company. Stay away from them. This website says I have to leave a star. They shouldn't get one."

64.    Another review from November 1, 2023 states: "I made the big mistake of buying tkts at this site. Then I realized I paid $160/person for tkts that were $30 and the worst in the house. Learned my lesson. I don't know how this is even legal."

65.    A review from October 31, 2023 states: "Scammed like everyone else as I was redirected away from the legitimate website to theirs. Found out after the purchase what the venue was selling the tickets for and I paid a 500 percent markup in cost."

66.    Another review from October 30, 2023 states: "I am so very angry that there are companies that can steal money the way they do. I clicked on the venue to order tickets and Ticket-Center came up. Without realizing this was not the venue, I bought 2 tickets from them in good faith, assuming I was buying from the venue at a fair price. Turns out they were sold to me for over 3 times what they were worth. I saw that something was not right, right after I went to my e-mail for my receipt.

---

[1] https://www.bbb.org/us/de/lewes/profile/event-ticket-sales/tickets-centercom-0251-92012097/customer-reviews

The receipt stated that I did not actually purchase tickets, and that they may or may not come by the time of the event. I tried to call/contact Ticket Center to get my money back right away, and they refused. They basically stated it was my fault for buying the tickets from them. My concern is that if I was scammed, I am sure others have/will be also. These deceptive practices should not be allowed to continue."

67.    The complaints go on and on with numerous consumers complaining about Defendants' practices.

## V.    CLASS ACTION ALLEGATIONS

68.    Plaintiff brings this action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and all other individuals, and as a member of the class and subclass ("Collectively referred to as the "Class") defined as follows:

> **The Nationwide Class is defined as follows:**
>
> All residents of the United States who, within the applicable statutes of limitation periods, made a purchase from the Website for purposes other than resale.
>
> **The California Subclass is defined as follows:**
>
> All residents of California, who, within four years prior to the filing of this Complaint, made a purchase from the Website for purposes other than resale.

69.    Excluded from the Class are: Defendants, their assigns, successors, and legal representatives; any entities in which Defendants have controlling interests; and any Judicial officer to which this case is assigned, their immediate family and staff.

70.    Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time in response to facts learned

CLASS ACTION COMPLAINT

through discovery, legal arguments advanced by Defendants, or otherwise. Plaintiff also reserves the right to create additional subclasses.

71.    At this time, Plaintiff does not know the exact number of Class members; however, given the nature of the claims and the number of complaints, Plaintiff believes that the Class members are so numerous that joinder of all members is impracticable.

72.    There is a well-defined community of interest in the questions of law and fact involved in this case. The questions of law and fact that are common to the Class members and predominate over questions that may affect individual Class members include:

1.    whether Defendants misrepresented that the Website was the actual venue;

2.    whether Defendants misrepresented that tickets were limited;

3.    whether Defendants' marketing, advertising, and/or selling of the tickets with misrepresentations constituted an unfair and/or deceptive trade practice;

4.    whether Defendants participated in and pursued the common course of conduct complained of herein;

5.    whether Defendants were enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendants to retain the benefits conferred upon them by Plaintiff and the other Class members;

6.    whether Defendants' marketing, advertising, and/or selling of tickets with misrepresentations violated the CLRA;

7.    Whether Plaintiff is entitled to injunctive relief; and

8.    Whether Defendants were unjustly enriched by their unlawful conduct.

73.    Plaintiff's claims are typical of those of the Class because Plaintiff, like all Class members, was exposed to Defendants' misrepresentations, purchased tickets in a typical consumer setting and sustained damages from Defendants' wrongful conduct.

74.    Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the Class.

75.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

76.    The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met, as Defendants have acted or refused to act on grounds that apply generally to the Class and the general public, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class, and the general public, as a whole.

77.    Defendants' conduct is generally applicable to the Class as a whole and Plaintiff seeks, inter alia, equitable remedies with respect to the Class as a whole. As such, Defendants' systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

78.    The requirements of Fed. R. Civ. P. 23(b)(3) are met as common issues predominate over any individual issues, and treatment of this matter as a class action is superior to numerous individual actions.

79.    The litigation of separate actions by Class members would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another might not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

CLASS ACTION COMPLAINT

80.     Unless the Class is certified, Defendants will retain monies received as a result of Defendants' unlawful and deceptive conduct alleged herein. Unless a public injunction is issued, Defendants will also likely continue to advertise, market, and promote their product and services in an unlawful and misleading manner, and members of the general public will continue to be misled, harmed, and denied their rights under California law.

## COUNT I

### Unfair and Deceptive Acts and Practices in Violation of
### the California Consumers Legal Remedies Act
### (Cal. Civ. Code §§ 1750, *et seq.*)

### (By Plaintiff on Behalf of the California Subclass and General Public)

81.     Plaintiff incorporates by reference each of the allegations contained in the preceding and following paragraphs of this Complaint and further alleges as follows.

82.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

83.     Plaintiff and the other Subclass members are "consumers," as the term is defined by California Civil Code § 1761(d), because she and they bought the tickets at issue for personal, family, or household purposes.

84.     Plaintiff and Defendants, and the other Subclass members and Defendants, have engaged in "transactions," as that term is defined by California Civil Code §1761(e).

85.     The conduct alleged in this complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA and the conduct was undertaken by Defendants in transactions intended to result in, and which did result in, the sale of goods to consumers.

86.    As alleged more fully above, Defendants have violated the CLRA by misrepresenting to Plaintiff and the other Subclass members that the Website was the actual venue, that tickets were limited and that they were selling legitimate tickets.

87.    As a result of engaging in such conduct, Defendants have violated California Civil Code § 1770(a)(1), (a)(2), (a)(3), (a)(5), (a)(7), (a)(9), (a)(14) and (a)(16).

88.    The unfair and deceptive acts and practices of Defendants, as described above, present a serious threat to Plaintiff and the other Subclass members.

89.    On information and belief, Defendants' actions were willful, wanton, and fraudulent.

90.    On May 31, 2024, Plaintiff sent a letter to IRS pursuant to Cal. Civ. Code §1782 that provided IRS notice of the misconduct and requested that IRS cure its misconduct within 30 days (the "CLRA Notice").

91.    IRS has not corrected or remedied the unlawful conduct after receiving the CLRA Notice, and IRS continues to engage therein.

92.    Pursuant to California Civil Code § 1780(a)(2), Plaintiff seeks a public injunction to enjoin Defendants' unlawful methods, acts, and practices alleged herein. If the injunctive relief is not granted, and Defendants are permitted to continue to engage in these practices, California's general public will continue to suffer harm.

93.    Plaintiff seeks an order of this Court on behalf of the public that includes, but is not limited to, an order requiring Defendants to:

      a.    Remove and/or refrain from making statements representing that the Website is the actual venue, that tickets are limited when they are not and that they will supply legitimate tickets when they won't;

CLASS ACTION COMPLAINT

1                  b.     Conduct a corrective advertising campaign.

2       94.    Plaintiff and the general public may be irreparably harmed and/or

3 denied an effective and complete remedy if such an order is not granted.

4       95.    Pursuant to California Civil Code § 1780(a), Plaintiff also seeks actual

5 damages, restitution of property and punitive damages from IRS. At this time,

6 Plaintiff seeks only injunctive relief from Red Dog, TFS, and Vivid, but reserves the

7 right to amend the pleading to seek other relief.

8       96.    Plaintiff also seeks the additional amounts set forth in § 1780(b)(1) for

9 herself and those Subclass members who are senior citizens.

10      97.    Plaintiff also seeks reasonable attorneys' fees and costs.

### COUNT II

### Violation of California's Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff on Behalf of the California Subclass and the General Public )

15      98.    Plaintiff incorporates by reference each of the allegations contained in

16 the preceding and following paragraphs of this Complaint and further alleges as

17 follows.

18      99.    By committing the acts and practices alleged herein, Defendants have

19 violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§

20 17200-17210, as to the Subclass as a whole, by engaging in unlawful, fraudulent,

21 and unfair conduct.

22      100.  **Unlawful Conduct.** Defendants have violated the UCL's proscription

23 against engaging in unlawful conduct as a result of violations of the CLRA, Cal. Civ.

24 Code § 1770(a)(1), (a)(2), (a)(3), (a)(5), (a)(7), (a)(9), (a)(14) and (a)(16), as alleged

25 above.

26      101.  **Unfair Conduct.** Defendants' acts and practices described above also

27 violate the UCL's proscription against engaging in unfair conduct.

28

CLASS ACTION COMPLAINT

102.   Plaintiff and the other Subclass members suffered a substantial injury by virtue of buying products that they would not have purchased absent Defendants' unlawful, fraudulent, and unfair advertising or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly priced products.

103.   There is no benefit to consumers or competition from such deception, other than to increase Defendants' own profits.

104.   The gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other Subclass members.

105.   **Fraudulent Conduct.** Defendants' acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

106.   The representations and omissions constitute "fraudulent" business acts and practices because they are false and misleading to Plaintiff and the Subclass members.

107.   Defendants' representations and omissions deceived Plaintiff and the Subclass members.

108.   Defendants knew or reasonably should have known that their statements and omissions were likely to deceive consumers.

109.   Plaintiff and the other Subclass members suffered a substantial injury by virtue of buying tickets that they would not have purchased absent Defendants' unlawful, fraudulent, and unfair misrepresentations or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly priced products.

110.   Plaintiff and the other Subclass members had no way of reasonably knowing that the tickets they purchased were not as marketed or advertised. Thus, they could not have reasonably avoided the injury each of them suffered.

111.   Defendants' violations of the UCL continue to this day.

112.   Pursuant to California Business and Professional Code § 17203, Plaintiff seeks a public injunction to enjoin Defendants' unlawful methods, acts, and practices alleged herein. If the injunctive relief is not granted, and Defendants are permitted to continue to engage in these practices, California's general public will continue to suffer harm.

113.   Plaintiff seeks an order of this Court on behalf of the general public that includes, but is not limited to, an order requiring Defendants to:

a.   Remove and/or refrain from making statements representing that the Website is the actual venue, that tickets are limited when they are not and that they will supply legitimate tickets when they won't;

b.   Conduct a corrective advertising campaign.

114.   Plaintiff and the Subclass members also seek an order of this Court requiring Defendants to:

a.   Provide restitution to Plaintiff and the other Subclass members;

b.   Disgorge all revenues obtained as a result of violations of the UCL; and

c.   Pay Plaintiff's and the Subclass' attorneys' fees and costs.

# COUNT III

## Violation of California's False Advertising Law

## (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

## (By Plaintiff on Behalf of the California Subclass and the General Public)

115.    Plaintiff incorporates by reference each of the allegations contained in the preceding and following paragraphs of this Complaint and further alleges as follows.

116.    The False Advertising Law prohibits making any false or misleading advertising claim.

117.    Defendants make false and misleading advertising claims by deceiving consumers as alleged herein.

118.    In reliance on these false and misleading advertising claims, Plaintiff and the Subclass members purchased tickets without the knowledge that they were not as advertised.

119.    Defendants knew or should have known that their representations and omissions were likely to deceive consumers.

120.    As a result, Plaintiff seeks a public injunction to enjoin Defendants' unlawful methods, acts, and practices alleged herein. If the injunctive relief is not granted, and Defendants are permitted to continue to engage in these practices, California's general public will continue to suffer harm.

121.    Plaintiff and the Subclass members also seek equitable relief, restitution, and an order for the disgorgement of the funds by which Defendants were unjustly enriched.

# COUNT IV

## Violation of California's Ticket Resale Law

### (By Plaintiff on Behalf of the California Subclass)

122. Plaintiff incorporates by reference each of the allegations contained in the preceding and following paragraphs of this Complaint and further alleges as follows.

123. California Business and Professional Code §22503 defines the term "ticket seller" as "any person who for compensation, commission, or otherwise sells admission tickets to sporting, musical, theatre, or any other entertainment event."

124. Defendants are ticket sellers and charge end customers for tickets.

125. Defendants receive a commission and/or compensation for every ticket sold on their website.

126. Defendants prohibit ticket buyers from contacting or even knowing the original ticket holder and buyers solely deal with Defendants.

127. Buyers pay Defendants directly and Defendants alone, not a third party, for the full amount of the tickets bought from Defendants.

128. Buyers receive the tickets in a digital form from Defendants.

129. Defendants failed to deliver to Plaintiff and other class members the valid tickets at a specific price because Plaintiff and other members of the Class were denied entry or expelled from their seats for the events for which they purchased tickets.

130. Defendants, after failing to deliver valid tickets, did not refund the purchasers two times the purchase price of the tickets and did not pay any of the sums expended by the purchaser in nonrefundable expenses for attending or attempting to attend the event.

131. Defendants' failure to deliver to Plaintiff and other members of the California Subclass valid tickets at a specific price is a violation of BPC § 22502.2.

132.   As a result, Plaintiff and other class members are entitled to damages equal to two times the contracted price of the ticket, in addition to any sum expended by them in nonrefundable expenses for attending or attempting to attend the event in good faith reliance on seat or space availability, and reasonable attorney's fees and court costs.

## COUNT V

## Fraud

## (By Plaintiff on Behalf of the Nationwide Class)

133.   Plaintiff incorporates by reference each of the allegations contained in the preceding and following paragraphs of this Complaint and further alleges as follows.

134.   As discussed above, Defendants provided Plaintiff and the Nationwide Class members with false or misleading material information and failed to disclose material facts, including, but not limited to representing that the Website is the actual venue, that tickets are limited when they are not, and that they will supply legitimate tickets when they won't. These misrepresentations and omissions were made with knowledge of their falsehood.

135.   The misrepresentations and omissions made by Defendants, upon which Plaintiff and the Nationwide Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and the Nationwide Class members to purchase the tickets.

136.   The fraudulent actions of Defendants caused damage to Plaintiff and the Nationwide Class members, who are entitled to damages and other legal and equitable relief as a result.

137.   As a result of Defendants' wrongful conduct, Plaintiff and the Nationwide Class members have suffered and continue to suffer economic losses

and other general and specific damages, including amounts paid for the tickets and any interest that would have been accrued on these monies, all in the amount to be determined at trial.

## COUNT VI

### Unjust Enrichment

### (By Plaintiff on Behalf of the Nationwide Class)

138. Plaintiff incorporates by reference each of the allegations contained in the preceding and following paragraphs of this Complaint and further alleges as follows.

139. As alleged above, Defendants' false and misleading advertising caused Plaintiff and the Class to purchase the tickets at a premium.

140. It would be unjust and inequitable for Defendants to retain the above-mentioned benefits. Defendants were only able to charge a premium for the tickets by intentionally misrepresenting the tickets.

141. Defendants obtained benefits and monies because the tickets were not as represented and expected, to the detriment and impoverishment of Plaintiff and the Class members, who seek restitution and disgorgement of inequitably obtained profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A.   An order certifying the proposed Class; appointing Plaintiff as representative of the Class; and appointing Plaintiff's undersigned counsel as Class counsel;

B.   A declaration that Defendants are financially responsible for notifying Class members of the pendency of this suit;

C.      A declaration that Defendants have committed the violations alleged herein;

D.      An award of monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

E.      An award of punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

F.      An award of statutory damages under the Ticket Resale Law;

G.      An award of restitution for Class members;

H.      An award of disgorgement for Class members;

I.      An order enjoining Defendants' unlawful and deceptive acts and practices

J.      An order awarding Plaintiff and the other Class members the reasonable costs and expenses of suit, including their attorneys' fees;

K.      An order awarding prejudgment and post-judgment interest, consistent with permissible law and pursuant to only those causes of action so permitted; and

L.      Any further relief that the Court may deem appropriate.

Plaintiff requests a temporary, preliminary and/or permanent order for public injunctive relief requiring Defendants to cease the conduct alleged herein, including making the false and/or misleading statements alleged herein that are in violation of California law.

.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all claims so triable.

CLASS ACTION COMPLAINT

Date: December 12, 2024          BEN TRAVIS LAW, APC


By: /s/ *Ben Travis*
Ben Travis (SBN 305641)
ben@bentravislaw.com
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
Phone: (619) 353-7966

Attorneys for Plaintiff and the Proposed Class

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **VENUE AFFIDAVIT**

I, Margaret Franklin-Chomas, declare and state as follows:

1.     I am the named Plaintiff in this action and make this affidavit pursuant to California Civil Code § 1780(d).

2.     The Complaint in this action is filed in a proper place for trial of this action because Defendants are doing business in the County of San Diego. Furthermore, I purchased tickets from Defendants while in the County of San Diego.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed this 12th day of December 2024 in San Diego, California.

_Margaret Franklin_
Margaret Franklin (Dec 12, 2024 15:24 PST)

MARGARET FRANKLIN-CHOMAS

VENUE AFFIDAVIT